[Civ. No. 3014. First Appellate District, Division One.—December 2, 1919.]

EDWIN REED, Administrator, etc., Respondent, v. FREDERICK HOLLISTER, Appellant.

[1] JURISDICTION—VOLUNTARY SUBMISSION TO—WAIVER OF OBJECTION. Where a resident of another state, defendant in an action to compel an accounting for certain moneys alleged to constitute a part of the assets of a given estate, voluntarily submits to the jurisdiction of a court of this state and answers to the merits and, without objection, goes to trial, he may not thereafter on appeal,

1. Estoppel of litigant to deny jurisdiction of court by previous acts or conduct admitting jurisdiction, note, 14 Ann. Cas. 1044.

following an adverse judgment, claim that he is a resident of another state and that the court of this state is without jurisdiction.

[2] ID.—LOCATION OF SUBJECT MATTER IN FOREIGN STATE—EFFECT ON JURISDICTION.—The fact that the funds or credits for which such accounting is sought are beyond the territorial jurisdiction of the courts of this state would not necessarily affect their jurisdiction; but, if ancillary letters of administration upon the estate have been issued in the state in which the funds or credits are located, the courts of this state would decline to take jurisdiction over funds properly payable to such foreign administrator.

[3] WILLS—INEFFECTIVE POWER OF APPOINTMENT—ESTOPPEL OF ATTORNEY TO SET UP CLAIM.—Where money is bequeathed to a trust company to hold and invest and to pay the income thereof to a certain beneficiary, and upon her death to such person or persons as she may direct by her last will and testament, and she executes a will prepared by her attorney, which they both understand is an execution of the power of appointment, and in which such attorney is named as the residuary legatee, he will be estopped to claim that the provision of the will is ineffective for the purpose for which it was intended and that he, as residuary legatee, is entitled to the property intended thereby to be disposed of.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frederick Hollister, Joseph S. Campbell, C. W. Durbrow, John Breuner, Jr., and A. S. Hammond for Appellant.

Henning & McGee for Respondent.

BARDIN, J., pro tem.—This is an action by the plaintiff, as administrator of the estate of Frances S. Furry, deceased, to require the defendant to account for certain moneys alleged to constitute a part of the assets of the estate of said deceased. The plaintiff obtained judgment as prayed for and the defendant has appealed from the judgment. A statement, somewhat in detail, is necessary to a consideration of the points presented for review.

William H. Hollister, who was a resident of the state of New York, died in that state and his last will and testament was admitted to probate in that state on February 1, 1912.

By the terms of this will the sum of thirty thousand dollars was bequeathed to George Stanton Hollister, a nephew of the testator, and a like amount to Frederick Hollister, also a nephew of the testator, and the defendant in this case.

Philoclea A. Hollister was the widow of George Stanton Hollister, a deceased brother of the testator, and the will above referred to contains the following provision:

"Fourth: I hereby give and bequeath in case Philoclea A. Hollister, widow of my deceased brother, George S. Hollister should survive me, the sum of forty thousand ($40,000) dollars to The Central Trust Company of New York, to have and to hold the same, in trust, to invest and reinvest the same as it may think best, in the exercise of its judgment and discretion, to collect and receive the income thereof during the life of the said Philoclea A. Hollister and to pay over the net income to her so long as she shall live and upon her death to pay the principal of said fund to such person or persons as she may direct by her last will and testament, duly executed in accordance with law, and should she leave no last will and testament then to pay over the principal of said fund to her then surviving children, in equal parts.''

Philoclea A. Hollister survived the testator, William H. Hollister, and in due time said sum of forty thousand dollars was paid to the Central Trust Company.

On October 7, 1912, Philoclea A. Hollister died, and her last will and testament, which was duly probated in the state of Oregon, contains the following provisions:

"Thirdly—I give and bequeath to my beloved daughter, Frances S. Furry, the sum of thirty-two thousand dollars; to my beloved son George Stanton Hollister—the sum of Two thousand dollars, to my beloved grand-son Frederick Bergman Hollister, the sum of One thousand dollars,—to my beloved daughters in-law Mary Hollister—and Carrol M. Hollister—the sum of One thousand dollars apiece, to my beloved son-in-law, Dave L. Furry—the sum of One thousand dollars.

"Fourthly—I give and devise and bequeath all the rest residue and remainder of my estate of every name and nature whatsoever owned by me at the time of my death to my beloved son—Frederick Hollister.''

By the terms of this will, the defendant, Frederick Hollister, and George Stanton Hollister were nominated as ex-

ecutors, and they thereafter duly qualified as such. At the time of the death of Philoclea A. Hollister, she had no estate of any kind except the sum of $1,673, the accumulated interest on the trust fund above referred to, and she possessed no power of appointment over any property other than said trust fund.

The defendant, Frederick Hollister, is a practicing attorney at law, and was the professional adviser of his mother, Philoclea A. Hollister, and her will was prepared by him and, as he testifies, the third provision of her will was intended to operate as an execution of the power of appointment created by the will of William H. Hollister, in favor of Frances S. Furry, to the extent of thirty-two thousand dollars. There was no other fund or estate belonging to Mrs. Hollister at the time she made her will from which such fund, or any part thereof, was available.

The petition for the probate of the will of Philoclea A. Hollister, which is verified by the defendant Frederick Hollister, sets forth that the probable value and character of the property of her estate consists of personal property in New York state, amounting to about fifty thousand dollars, evidently referring to the trust fund, and other personal property in Oregon, amounting to about one thousand dollars.

In due time these executors, as such, received from the Central Trust Company the sum of $1,673, the interest which had accumulated upon said trust fund at the time of the death of Philoclea A. Hollister, and on June 23, 1913, the defendant, Frederick Hollister, as an individual, received from and receipted to said Central Trust Company, for the sum of $39,014.57, which constituted the *corpus* of said trust fund, less legal charges of the trustee.

It appears that this last amount was received by the defendant from the Trust Company upon the theory that while the testatrix, Philoclea A. Hollister, intended by the third clause of her will to bequeath thirty-two thousand dollars of the trust fund to her daughter, Frances S. Furry, nevertheless said clause was ineffective for the purpose, and the defendant was entitled to receive the same as residuary legatee under the fourth clause of her will.

It should here be stated that the defendant, shortly after receiving the *corpus* of the trust fund, paid to Frances S. Furry seven thousand dollars from it, taking at the time a receipt for the full amount of thirty-two thousand dollars,

and thereafter regularly paid to her, interest at the rate of eight per cent per annum, upon the principal sum of twenty-five thousand dollars, until the time of her death.

[1] In the brief of appellant it is claimed that as the defendant was a resident of Oregon, the superior court of San Diego County was without jurisdiction of his person, and was therefore unauthorized to entertain this proceeding, but it is a sufficient answer to this contention, waiving other considerations, that so far as the record in this case is concerned, it appears that the defendant voluntarily submitted to the jurisdiction and answered to the merits and, without objection, went to trial, and, under such circumstances it may not now be urged that, having voluntarily assented to the trial upon the merits, he may now complain of an adverse judgment.

[2] It is also argued in appellant's brief that the court was without jurisdiction of the subject matter because, as is claimed, the moneys or credits for which an accounting is sought were located in the state of Oregon. But the record does not show where these moneys or credits are located. And, even if such funds or credits were beyond the territorial jurisdiction of the California courts, the jurisdiction would not necessarily thereby be affected. (1 C. J. 627.) Of course, if ancillary letters of administration upon the estate of Frances S. Furry had been issued in Oregon, the California courts would decline to take jurisdiction over funds properly payable to such foreign administrator. But that condition is not shown by the record to exist.

[3] In our opinion the third clause of the will of Philoclea A. Hollister was an execution of the power of appointment provided for in the fourth clause of the will of William H. Hollister; but, in any event, the circumstances attending the execution of her will and the fact that both she and the defendant, who prepared the will, understood that the third clause was an execution of the power of appointment, would be sufficient of itself to raise an implied or constructive trust against the defendant. Whether the defendant, as legal adviser of his mother, was mistaken in his understanding as to whether said third clause was an exercise of the power of appointment is unimportant, for it would be in the highest degree inequitable and not to be countenanced by a court of equity, to permit an attorney at law, under whose direction

and suggestion a will has been prepared, to himself seize and appropriate a part of the estate, which the testator intended, and which the attorney himself intended at the time the will was drawn, to go to another legatee or devisee. It seems that under such circumstances the attorney might well be held to be estopped to claim such bequest.

As has been pointed out, Philoclea A. Hollister died leaving no estate whatever, except the interest which had accumulated upon this trust fund, amounting to $1,673; and, unless the third provision of her will shall be held to be an exercise of the power of appointment, there is nothing whatever upon which it could operate, so that it is clear from the terms of the will itself, taken in connection with known facts as to the extent of her estate, that she intended to exercise this power, to the extent of apportioning thirty-eight thousand dollars, by the third paragraph of her will.

The trust fund was, of course, a part of the estate of William H. Hollister, and not a part of the estate of Philoclea A. Hollister, and it does not appear from the record here that there was any judicial action in the courts of New York, directing or authorizing the payment of this fund by the Central Trust Company, but it does appear that the defendant received and has retained a large part of this trust fund to which he has no right whatever, and which clearly now constitutes a part of the property of the estate of Frances S. Furry, deceased.

It may be that a considerable part of the above discussion is unnecessary to the decision of this case, in view of the fact that no attack whatever is made upon the findings; and from these it appears that the plaintiff was entitled to the relief prayed for.

In addition to the final judgment the learned trial court, nine days before judgment was rendered, made its order directing the defendant not to leave the county of San Diego, or the jurisdiction of the court, before making payment to plaintiff of the sum of twenty-five thousand dollars, with interest thereon at the rate of eight per cent from March 25, 1914, or the giving of security therefor. And said order directed the payment of said sum within the period of ten days from the service thereof. The notice of appeal includes this order, but in view of the fact that it is conceded in the briefs that the defendant left the state without complying

with this order, it is unnecessary to further notice it, other than to say that it seems to have been improvidently made, and may be deemed vacated.

The judgment is affirmed; the plaintiff to have his costs on appeal.

Waste, P. J., and Richards, J., concurred.